The next case before the Court is Williams v. McDonald, case number 157103, appeal from a decision of the Court of Veterans' Appeals. Mr. Collins-Chase, you want three minutes for the problem? Sure. Thank you. Go ahead. Good morning. May it please the Court. The Veterans Court erred in this case in interpreting Section 1111 when it held that the VA successfully rebutted the presumption of sound condition by clear and unmistakable evidence based on a record containing contrary medical opinions rendered by competent medical examiners. The Board here and the Veterans Court relied on two medical opinions that stated that Mr. Williams' congenital back disability was not aggravated by his service in the Marine Corps, but they dismissed a third medical opinion that the Veterans Court described as contradictory. In 2010, Mr. Williams' private physician, who had examined him numerous times in connection with his back disability, submitted a medical opinion in support of his claim. The Veterans Court noted that the Board did not question the competency of the 2010 opinion. Counsel, when I look at your argument and what you're bringing before us, I run into a problem in that I want to be sure that I'm not reweighing evidence and that this isn't just a case involving . . . you're asking the Court to reweigh evidence, which you know we cannot do. So, what's the legal question? Can you take us right to the legal point here? Yes, Judge Reina. So without looking at any of the facts, taking the facts just as undisputed as recited by the Veterans Court, you have a situation where the record contains two opinions that the Veterans Court said pointed one way against Mr. Williams and one that it said pointed in Mr. Williams' favor. The Veterans Court also stated, and it's undisputed, that the opinion by the 2010 doctor was not questioned for competency and that it was entitled to at least some weight. So our argument is that as a legal matter, the clear and unmistakable evidence standard is a very high one. It's supposed to be a high burden for the government to meet, and it requires that there be no debate about the evidence. Reasonable minds cannot differ. And so here, where you have doctors who are competent and their opinion is entitled to some weight, we believe that that is a difference of reasonable minds that should preclude a finding of clear and unmistakable evidence. So you're arguing that the Veterans Administration has misinterpreted or misapplied that legal standard? Yes, Judge Reina. And that's the legal question? Yes, Judge Reina. The place I point you to is the statement on Appendix Page 2 where the Veterans Court says that the board is entitled to review the evidence in toto and is not precluded from determining that the presumption of soundness is rebutted even if there is conflicting evidence. There can be some conflicting evidence, as this court noted in Kent, for example, a conflict between the clean entrance examination and subsequent medical review. However, the conflict here is between post-entrance medical examinations that have been found to be competent and credible. And our position is that that is the prototypical situation where reasonable minds have differed on the point of . . . Well, isn't there . . . I mean, when you say competent and credible, these are two different things. I mean, isn't the point that even if the doctor's competent to render an opinion, that the board was unpersuaded by the opinion because ultimately the opinion didn't even identify the date of injury or the circumstances of the injury, so we don't even know what they're pointing to. Yes, Your Honor. The fact is, though, that the board still considered the opinion. In other cases, the board would say something like, this opinion is entitled to no probative value or that the doctor was not competent to render the opinion. And as just a couple examples of where that could happen, because I'd like to make clear, we're not saying that the board is not allowed to assess the evidence. That's not our argument. The board has to assess the evidence and determine if each piece is competent and credible and assign it some degree of weight. Our position is that once the board does that and finds that there is competent, credible evidence pointing in different directions, the evidence is not unmistakable. So the board faults Mr. McDonald's case because his physician did not identify the point of the onset of the back problems and said, you know, you don't identify this. But doesn't that run afoul to the presumption of soundness because there's already a presumption there that Mr. Williams did not have this back problem when he entered into the service? I think I would agree with that, Judge Reynolds. The interesting thing about the 2010 opinion, which is at appendix page 444, is that the doctor describes that there is degenerative disc disease and states that Mr. Williams's condition is the leg pain, for example, as a result of his original back injury. This is a doctor who at this time had already examined Mr. Williams on 10 separate occasions. And I believe it's appendix page- Dis-spinal disease, right? No, we're not disputing that the condition was pre-existing. Like two different types of congenital. We're not disputing that the condition was pre-existing and that the government has rebutted that first prong of the presumption of sound condition. What we are looking at is the issue of aggravation and as to the- But how do I know whether an opinion that aggravation occurred is a credible opinion if I don't know- if that opinion doesn't even disclose when or how it occurred? It just says dates to the original injury. What do we know- Well, what we know from looking at the medical records is that that was a June 2010 medical opinion. If we go back to February of 2009, when the private doctor began examining Mr. Williams, he recounted the full history. He says that he has a chief complaint of low back pain, which originally began in 1975. He was previously in the military at that time. The board has critiqued the doctor for not having access to certain records, although there's no indication of that in the record, but he was clearly aware of Mr. Williams' full history. The board merely speculated that perhaps he could have been referring to some other injury, but the records make pretty clear that he knew that 1975 was the onset of this back condition. Isn't that a little speculation by you as well, though? That this doctor was necessarily making a medical diagnosis that his current condition is due to some injury that occurred 30 years prior? Your Honor, I think that it would be to some extent, and the better way to look at it is to look at what the Veterans Court said. And the record that we have that's the undisputed record is that the opinion is competent and that although it may be entitled to less weight, it is entitled to some weight. So your view is if an opinion is entitled to any weight, then by definition they can't meet the clear and unmistakable standard? That's right, Your Honor. And I was mentioning before the board is very good at sussing out opinions that are not credible and not competent and has done so in a variety of cases. Some things that could happen, for example, we've got cases where they're looking at the issue of whether the condition preexisted. And the doctor says, I think it's reasonable to say that it did not. Is this how it works in criminal cases? Is there clear and convincing evidence something happened and one side has an expert, the other side has an expert? Neither of them have been barred from testifying or qualified to testify,  I mean, just because there's an expert on another side testifying the other way, that doesn't block a jury from concluding that there's clear and convincing evidence in that situation, right? I would agree with that, Judge Chen. But do you really? I mean, we're looking here at an existing presumption of soundness. This is not in a vacuum. We don't have two experts testifying in a vacuum and then a situation where you decide who's more credible. There's a presumption of soundness, which means that as a matter of law, up until this point, the veteran did not have these problems when he entered into the service. Now it's up to the government to rebut that. That's right. And what I was going to say is I would agree with that with regard to, for example, a preponderance standard where certainly you can weigh the evidence. Clear and convincing is a higher standard and clear and unmistakable is a higher standard still. And what this court has said with regard to clear and unmistakable error in the cue context is that it is not a balance of the evidence situation. Once you have a piece of evidence that goes on the scale, if you have pieces of evidence on both sides that are credible and competent, it's not for the board to do that weighing or balancing. Are you familiar with the medical records here? Yes, Your Honor. All right. So the two different congenital problems. As I understand it, these are congenital problems that may never manifest themselves in any kind of pain or discomfort because they're not your typical spina bifida or your typical spondyloliosis or however you pronounce that, right? Yes. Spina bifida occulta is the type that may not be likely to manifest. And that it usually manifests itself in, like, people that play hard, heavy sports. In other words, in this particular instance, I guess what you're saying is that the manifestation of this, so it's not really aggravation as much as manifestation, maybe never would have occurred but for the boot camp. I think that's possible. The veteran himself was a high school graduate, 20 years old. He had been an active athlete already, wrestling, football, basketball. He entered the service and the record, it's undisputed, that he had no evidence of a condition. He'd never had any pain. He also has affidavits to that effect from his ex-wife, for example. And within nine months, he's discharged as unfit for full duty. During that time, they gave him his entrance exam. They didn't detect any condition. And he then was, within a few months, noted for a lumbar strain, which they described as a possibly worsening condition. And just nine months later, he's out of the service. The undisputed record shows unequivocally that there was an increase in his symptoms and severity. And so the conclusion in the medical board report that there was no aggravation, on those facts is completely unsupported. That kind of takes us to the next argument, which is that the Veterans Court didn't do a de novo review of this full factual record. They're not entitled to refine the facts or reweigh the facts, as you know. However, they are required to look de novo at the legal sufficiency of the evidence. And here, the undisputed legal record is completely asymptomatic. He enters service. Nine months later, his condition has progressed to the point where he's discharged as unfit for duty. And there's no explanation in the Veterans Court opinion about those facts. They don't address those facts, and don't address how that could be consistent legally with a conclusion of aggravation. Well, that's a fine line between the legal sufficiency of the evidence and the reweighing of the evidence, isn't there? I agree, and I think that we have an argument on the legal side of the line, because we can take the undisputed facts. The undisputed facts show asymptomatic discharge in nine months. The undisputed facts say that both the 1976 medical board report and the 2011 medical opinion from the VA examiner both concede that the onset of any symptoms or severity was during service, after his boot camp. And so even on that undisputed record, I think the Veterans Court should do an analysis de novo of the legal sufficiency on the point of aggravation. Can you just really quickly explain to me why your position is just this logical matter, not inconsistent with Kent? Sure, Your Honor, and I see I'm into my rebuttal, but I hope I can answer your question. Kent presents a very different factual situation from our case here, and the government's argued that just as in Kent, we would seek to make the presumption irrebuttable. That's not the case. In Kent, the only evidence that you had favoring the veteran was the clean entrance exam that had specifically tested for the condition. The veteran had admitted that at the age of 14, before entry into the service, he had had some hearing loss, and that was the condition being tested for. So here we have the post-entrance medical exam that the Veterans Court has stated supports Mr. Williams' case. You also have Mr. Williams' testimony that he never had any pain before the service. I guess I'm just going to the statement in Kent where the court said, clear and unmistakable evidence, that standard does not require the absence of conflicting evidence. Yes, and I think you're correct. To the contrary in this scenario. I think if you go to the next sentence of Kent, and I'll try to find it here, it makes clear that it's actually referring to the conflict between an entrance examination and subsequent evidence. So the next sentence of Kent says, the presumption of soundness is rebuttable even in the face of an entrance examination, affirmatively indicating that the condition in question was tested and found not to exist upon the service member's entry into service. So Kent presents the situation where the conflict at issue, conflicting evidence, was entrance exam and then VA medical exam that finds the condition. Whereas what we have here is clean entrance exam, VA opinion and medical board report, and then another piece of evidence, and that's not counting the lay evidence from the Veteran and his family, but you have the 2010 report as well. But even if you discount the 2010 report, we believe it should go back for the de novo review of the full undisputed factual record. May it please the court. I'd like to start by honing in on the precise legal argument that's being raised by Mr. Williams. In his opening brief, it appeared that, as we see in the issue statement, for example, that it relied solely on competency, that whenever there is a competent medical opinion favoring the presumption, then all other evidence becomes essentially irrelevant and the presumption cannot be rebutted. Now in the reply brief and now at argument, it appears there is an additional element to this legal standard, which requires that the medical opinion have at least some weight or be credible. At page 14 of the reply brief, Mr. Williams said that the board found the 2010 opinion to be both competent and credible. And there's a couple problems with this, in addition to the ones we identified in our brief for the general competency standard. By adding credibility, it is asking the court to re-weigh the evidence, to say whether something is entitled to at least some weight or a little bit of weight or very little probative value. These are questions of degree that require applying the facts to the law. Let's just get to the real basic facts here. The government concedes that there was no manifestation of this condition until his service, right? We concede he did not have symptoms of his congenital condition. So you're supposed to, in order to rebut this, you have to either show that the symptoms preexisted the service or that the symptoms were a natural progression of the disease. And my understanding is that this natural progression doesn't necessarily include symptoms, that many people spend their whole lives with both of these congenital problems and never have back pain. Well, what the 1976 medical examination and the board evaluation found is that he did experience symptoms, but merely an increase in symptoms does not mean there's been an increase in the disability itself. It simply means he's experiencing symptoms. And indeed, after service, he went on to work at a steel foundry doing a, quote, labor's job. So the fact that he experienced an increase in symptoms during service does not mean he experienced aggravation of his congenital condition. Even if the symptoms are not a necessary progression of the condition? Well, just because they're not a necessary progression doesn't mean they're not a progression. And in the board's opinion analysis at page 21, the board expressly found that in weighing the facts, in analyzing the medical opinions, it found that despite his increase in symptoms, he did not experience an increase in his disease. That's a factual finding by the board. And to the extent that Mr. Williams is saying the board actually found the 2010 opinion credible, the board did not find the 2010 opinion credible. To the contrary, it found the other two opinions credible, and it's Mr. Williams' own position that those opinions conflict with the 2010 opinion. And the board goes on to say that the 2010 opinion is conclusory. The board says the basis for the 2010 opinion is unstated, except to have apparently been based on chronic disease. Furthermore, as the court has already alluded to, the, quote, original back injury referenced in the 2010 opinion says nothing about aggravation, first of all. It says nothing about service. It says nothing about when it was incurred. It doesn't acknowledge that there was a post-service injury in September of 1981. And despite the fact that the 2010 opinion is decades after that post-service injury, it makes no attempt to identify when it says Mr. Williams' back condition is associated with the original injury. Well, yeah, but in fairness, if he says the original injury and you go back and you look at his records, his earlier records identify the original injury as having occurred during his service. So, I mean, I don't know that the doctor has to repeat what's already clearly known in his records. Well, the 1976 board medical report at 1340, for example, says that Mr. Williams, quote, specifically denies any back injury prior to or since enlistment. So it's certainly not clear looking at the 1976 evaluations, which are the most contemporaneous that we have in this record, that he had any back injury. And at page 373 of the board hearing, he was asked whether he had a specific injury in service. He said no. Carrying the backpacks rendered him symptomatic, but it was not an injury per se. And so I'd like to really point out what the board said, though, because the board did not find this opinion to be credible. And, you know, Mr. Williams concedes that if the board finds the opinion is not credible or the board finds that the opinion is conclusory, as was the case in Nieves Rodriguez, a veterans court case, or Vannerson, another veterans court case, that then it's OK to disregard that type of evidence. But here the board said there is no basis for the 2010 medical opinion. So if Mr. Williams is asking the court to weigh an opinion the board finds conclusory versus an opinion the board says there's no basis for the opinion, this is the sort of thing that gets the court into territory of applying facts to law that this court said in Walter it could not do. Let me give you, I'm still trying to understand this, so let me give you an analogy. Say someone walks around with a potential for, you know, an aneurysm. So I've got a friend that she gets checked all the time. They actually found it because she was in for something else, and they watch it because something bad could happen. So someone has that in their brain, and then they enter the Air Force, they jump out of an airplane, and the jumping out of the airplane and that pressure causes death from this aneurysm. Are you saying that's not an aggravation of this preexisting condition? I don't know if I'd say that in the case of an aneurysm. I'm certainly not a medical expert, and I'm not really able to articulate well the difference between an aneurysm and a congenital back condition, but what the medical expert said here and what the board found is that simply because he experienced pain did not mean that the underlying condition of the back, the areas in the spine where there was this degeneration, that was not worsened. It was merely he was experiencing pain because of the activities that he was engaging in. When he stopped doing those activities, when he stopped carrying those backpacks and things like that, what the board found is that there was no permanent increase in his underlying disability. And it is appropriate, Your Honor, to consider the type of disease that he had. Here the congenital disease. In the regulation, which Mr. Williams cites in his opening brief, 38 CFR 3.304B, there the VA lists in detail the types of evidence that should be considered in deciding whether the presumption has been rebutted. And importantly, it's a different regulation and a different statute enacted in different years than the clear and unmistakable error standard. The clear and unmistakable error standard in the regulation itself, which is 20.1403, says reasonable minds cannot differ. This is a different and legal standard that is separate from the certainly high standard but still fact-intensive clear and unmistakable evidence. And one of the types of evidence called out in the regulation is in-service records, post-service records that's cited in this court's opinion in Harris, which in turn is cited in Kent. And the regulation specifically says that these types of in-service records, like here the 1976 opinion, the 2011 opinion, must be considered together with quote, all other lay and medical evidence, and that all of this evidence, quote, will be taken into full account. And the way that this court characterized that standard in Harris is that the fact finder should consider all medically accepted evidence bearing on the issue of pre-service incurrence or aggravation. So that is contrary to Mr. Williams' proposed standard. Under Mr. Williams' standard, when there is a competent and potentially entitled to some weight opinion, then all other evidence becomes effectively irrelevant, and that's contrary to the standard in the regulation requiring consideration of all of the evidence. So basically what you're saying is if the veteran has to establish clear and unmistakable error, the burden is a lot higher than if the government has to establish clear and unmistakable evidence. Well, it's a legal standard versus an evidentiary weighing. And the difference is perhaps best shown by this court's case law. In Yates, it's a clear and unmistakable error case. The court said the standard is not about the balancing of the evidence. It has to be more than that. And in contrast, in Walter, where the veteran alleged that the veteran's court failed to do an adequate sufficiency of the evidence review and was asking this court to do essentially a sufficiency of the evidence review, the court said no. Applying the clear and unmistakable evidence standard requires, as a standard of proof, it requires application of facts to the law. So it is a difference in a legal standard, error versus evidence. I'll turn, if I may, to the standard of review issue. This case presents a very similar issue to the one in Kent. In Kent, the court held that although the veteran's court did not expressly say it was doing a sufficiency of the evidence review or did not expressly say identify the legal issue, it's by applying the APA standard arbitrary capricious abusive discretion or violation of law standard, by encompassing violation of law, that contemplates de novo review. And here the veteran's court did even more. It identified the specific legal issue raised by Mr. Williams. It rejected it, citing Kent. And it went on to look at all the evidence and said we find no error. And it cited the arbitrary and capricious violation of law standard. And I'd like to reiterate again that to the extent that Mr. Williams is just arguing that the veteran's court didn't do a sufficiency of the evidence review, that's precisely what the court held in Walter. It did not possess jurisdiction to adjudicate. In Walter, I'll read very briefly from the opinion. Walter argues the veteran's court erred by refusing to review the evidence de novo to determine whether the evidence was legally sufficient to rebut the presumption of soundness. And the judgment in that case was dismissed. So to the extent that Mr. Williams is either raising a sufficiency challenge here or arguing that the veteran's court did not do a sufficiency challenge, that type of argument in Walter is beyond this court's jurisdiction. Counsel, I'm going to direct your attention to page 2 of the board's memorandum decision. And this is with respect to your argument that the board did not attribute full weight to the 2010 medical report. Correct? Are you at page 2 of the board's decision? Yes. So it's on our appendix at 003. And at the top of the paragraph it says, moreover the board did not find the 2010 examiner incompetent. It goes on and says, the record reflects that the 2010 medical report lacks any opinion tying Mr. Williams' low back condition to the service. While the 1976 medical report contains an opinion as low, back condition was not aggravated. So it goes on and it faults the opinion for not tying its ultimate opinion to a date when the back injury occurred. Now, why would that matter under the presumption of soundness when there's a legal presumption that exists that when Mr. Williams entered the service he was sound, he did not have any back injury or any symptoms of a back injury? Well, I think the concern here is certainly the presumption applies, and so that's why the clear and unmistakable evidence standard applies. But the concern here is that at 444, it's not only that the 2010 opinion doesn't tie it to a specific date in service, it doesn't mention service at all. So when the 2010 opinion says this relates back to his original back injury, as the board explained, there's no indication that that wasn't simply the September 1981 post-service back injury. The 2010 opinion really has no analysis regarding aggravation. And one last point is that Mr. Williams concedes that he incurred this pre-service, but applying his categorical rule, there's simply in future cases the categorical rule could apply to find that his concededly congenital back condition. This is the only place where I see that the board has a problem with the 2010 medical report. It says specifically the board gave less weight to the 2000 medical report because the examiner applied on the nexus between Mr. Williams' current condition and his original without explaining when that back injury occurred. So the board is saying what's missing here is that the medical report doesn't tell us when that back injury occurred. Why does that matter under presumption of soundness when we know there's a legal presumption that it occurred after he entered into service? I see I'm almost out of time. May I briefly answer the question? Yes, please. Well, as an initial matter, the Veterans Court did cite that part of the board's opinion, but if the court would like a more complete analysis of the board's concerns with the 2010 opinion, that appears at Appendix 21 and 22. So certainly the question here is given the presumption and given all of the evidence in the record, is there a legal standard that requires the 2010 opinion to be determinative to the exclusion of all other evidence? And our position is that no, the proper legal rule is found in the statute and the regulation, and it does not forbid consideration of all of the evidence. Okay. I have a few brief points. First, the government, my friend on the other side, has drawn a distinction between clear and unmistakable evidence and clear and unmistakable error, but I just wanted to point the court's attention to how the Veterans Court handles this. In the Norris v. Nicholson case a few years ago, the Veterans Court said that the presumption of soundness requires that VA resolve that doubt in favor of the veteran when there are reasonable minds that differ. That's typically how it's done. It's not a balance of the evidence situation. It's a very high bar that doesn't allow for differences of opinion. Well, it is a high bar, but didn't we in Walter say that you're actually applying the facts to the legal standard? And that's what the evidence reference means? Yes, Your Honor, and that's why in this case we can get there without looking at any reweighing of the evidence. What we can do is we can look at the undisputed evidence, which the Veterans Court did not do in full. That's the basis of our request for a remand for overreview. Have the Veterans Court go back and look at the undisputed, unequivocal manifestation of symptoms and severity that started after boot camp when there's clear evidence that's undisputed, that there were no symptoms before entrance into the service. And on that point of symptoms and severity, I just want to note that under 1153, aggravation is an increase in disability. An increase in disability doesn't need to be necessarily a worsening of some sort of structural aspect of the condition. Some aspect of disability could lead to an increased rating simply based on an increase in pain. And with the legs, for example, I believe that the lowest rating is 10% for mild leg pain. So there's no evidence in the record that Mr. Williams' admitted leg pain doesn't go from zero to at least mild, which would be an increase in disability. And that's what we believe the Veterans Court should look at, the blanket statement of aggravation on the one hand versus the unequivocal evidence that the onset of pain and symptoms, including back and legs, were during his service. Thank you. Thank you.